# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DWIGHT JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case number 4:07cv1715 JCH |
| ) | TCM |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This is an action under 42 U.S.C. § 405(g) for judicial review of the final decision of Michael J. Astrue, Commissioner of Social Security ("Commissioner"), denying the application of Dwight Johnson ("Plaintiff") for disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-433.[1] Pending is the motion of the Commissioner to remand this case to the Appeals Council pursuant to sentence four of 42 U.S.C. § 405(g). Plaintiff consents to the Commissioner's request.

Plaintiff filed for DIB in June 2004, alleging he was unable to work after September 10, 2003, because of silicosis and high blood pressure. (R.[2] at 45-47.) His application was denied initially and after a requested administrative hearing before Administrative Law Judge "ALJ" Thomas C. Muldoon. (Id. at 21-29, 35, 38-43, 202-17.) The ALJ found that Plaintiff

---

[1] The case was referred to the undersigned United States Magistrate Judge for a review and recommended disposition pursuant to 28 U.S.C. § 636(b).

[2] References to "R." are to the administrative record filed by the Commissioner with his answer.

had silicosis and hypertension, both of which were severe impairments, but retained the residual functional capacity ("RFC") to lift and carry 50 pounds occasionally and 25 pounds frequently and to sit, stand, and walk for six hours in an eight-hour workday. (Id. at 25, 26.) He needed to "avoid concentrated exposure to fumes, odors, dusts, gases, poor ventilation, and other respiratory irritants." (Id. at 26.) With this RFC, Plaintiff could not perform his past relevant work, but could perform medium work. (Id. at 28.)

The Appeals Council initially denied review. (Id. at 8-10.) The next month, the Appeals Council set aside that decision, considered additional information, including three medical reports, and again denied review, effectively adopting the ALJ's decision as the final decision of the Commissioner. (Id. at 4-6.)

Plaintiff then initiated this action, arguing in a brief in support of his complaint that the ALJ erred by (1) basing his assessment of Plaintiff's RFC on the RFC findings of a lay person with the State agency; (2) finding that his silicosis had improved; and (3) failing to obtain testimony by a vocational expert after concluding that he could not return to his past relevant work.

Agreeing that the ALJ erred by relying on the findings of the State agency in assessing Plaintiff's RFC, the Commissioner moves to remand pursuant to sentence four of 42 U.S.C. § 405(g). The Commissioner requests that the case be remanded to the Appeals Council for the Council to then remand to "allow the ALJ, as a fact finder, to properly evaluate the record without consideration of the [agency's] assessment." (Mot. at 2.) As noted above, Plaintiff consents to a remand.

A case seeking judicial review of the Commissioner's adverse decision may be remanded pursuant only to sentence four or six of § 405(g).  See **Shalala v. Schaefer**, 509 U.S. 292, 296 (1993); **Melkonyan v. Sullivan**, 501 U.S. 89, 97-98 (1991).  "Sentence four,[3] by its terms, authorizes a court to enter 'a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing.'" **Buckner v. Apfel**, 213 F.3d 1006, 1010 (8th Cir. 2000) (quoting § 405(g)).  A remand sought by the Commissioner after he files his answer and in the absence of any new and material evidence "meets the substantive requirements of sentence four."  **Id.**  The remand sought in the instant case is, therefore, properly considered a sentence four remand.  See **Pottsmith v. Barnhart**, 306 F.3d 526, 528 (8th Cir. 2002) (finding that order granting Commissioner's motion to remand for introduction of medical expert testimony was appropriately made pursuant to sentence four); **Boyle v. Halter**, 165 F.Supp.2d 943, 943 n.2 (D. Minn. 2001) (noting that Commissioner's motion for remand after answer was appropriately made pursuant to sentence four).  The Commissioner's unopposed motion should be granted pursuant to sentence four.

Accordingly,

**IT IS HEREBY RECOMMENDED** that the Commissioner's Motion to Reverse and Remand be **GRANTED** pursuant to sentence four of 42 U.S.C. § 405(g), his decision be

---

[3]Sentence four reads as follows: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g).

REVERSED, and the case be REMANDED for further proceedings as outlined by the Commissioner. [Doc. 21]

The parties are advised that they have eleven (11) days in which to file written objections to this Recommendation and the Memorandum incorporated herein pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in waiver of the right to appeal questions of fact. See **Griffini v. Mitchell**, 31 F.3d 690, 692 (8th Cir. 1994).

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 14th day of May, 2009.